IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | |
| | \* | |
| v. | \* | **CRIMINAL NO. GLR-17-631** |
| | \* | |
| **NGHIA PHO,** | \* | |
| | \* | |
| Defendant | \* | |
| | \* | |

\*\*\*\*\*\*\*\*

## GOVERNMENT'S MOTION TO SEAL

The United States of America, by and through the undersigned attorneys, hereby moves for an order sealing the Government's Response in Opposition to Defendant's Motion for Sentencing Reduction. The filing contains the defendant's private medical information.

In order to seal the opposition brief, "the government must demonstrate that: 1) there is a compelling governmental interest requiring materials to be kept under seal; and 2) there is no less restrictive means, such as redaction, available." *In re Search Warrants Issued on April 26, 2004*, 353 F. Supp. 2d 584, 591 (D. Md. 2004) (citing *United States v. Oliver*, No. 99-4231, 2000 U.S. App. LEXIS 3630, at \*4 (4th Cir. Va. Mar. 9, 2000)). Here, there is a compelling interest in maintaining certain material under seal. The Government anticipates being able to file a redacted document on the public docket, after consultation with defense counsel.

The procedures for sealing are set forth in *Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir. 1989): "The judicial officer may explicitly adopt the facts that the government presents to justify the sealing . . . ." *Id*. at 65.

        Respectfully Submitted,

        Robert K. Hur
        United States Attorney

By: /s/_____
        Thomas P. Windom
        Assistant United States Attorney